Case number 24-3189 from the Southern District of Iowa Christopher Majors v. City of West Des Moines et al Mr. Solzi when you're ready You may. May it please the court, counsel. My name is Bruce Solzi Jr. and I represent Christopher Majors in his matter against the City of West Des Moines and Detective Jason Hatcher Now your honors I Don't want to bore the court with a lot of facts But in this particular case the facts are really the devil in the details The case law here is not all that controversial between the two parties What we have here is we have a case that was brought as an incident that occurred between Mr. Majors and his then-wife There was a domestic disturbance that occurred The stories do diverge a little bit here Mr. Majors his Recitation of the facts is that what ended up happening was he wanted to take his minor daughter swimming He tried exiting the premises His then-wife would not allow him to leave he changed to a different door She tackled him from behind and they both slammed to the ground At that point he picked the child back up. He went he went into the street. He ended up calling law enforcement Mrs. Majors then what her story is is that Mr. Majors was taking the child swimming and that the child had disrespected the mother What ended up then happening was he wanted to leave she wanted to gain physical affection from her husband He denied her He then apparently resisted her and pushed her away and then pushed her on the ground outside Let me let me ask a question and you can go back to your facts in a minute But I mean, I take it one of the key elements of your issue of your Appeal here is is the either bruised or broken rib, is that right? And and the problem I have with the argument is I think there's still probable cause You know, it doesn't matter if it was bruised or broken for the purposes of probable cause So yes, and the district court relied on that and the defendants have restated that multiple times Here's the here's the facts in the police report. It doesn't say fractured rib and persons Understand that but there's let's say it just said bruised rib There's still probable cause isn't there? I think there might be and that's the real difficulty here What what's going on? Well, if you look at it, I want to flop I want you to flush that out because here's the way I see probable cause if there's Evidence on each of the essential elements of a crime charge that stands unrebutted Which it can't be rebutted at that probable cause stage then that is sufficient to find probable cause there You know and while they have an obligation to investigate Alternative views and make a determination based on contrary evidence as well I mean that as far as the courts concerned the warrant may issue or Criminal complaint may issue or an indictment may issue just on you know Is there sufficient evidence on each of the essential elements? That is correct? You're in and to put it nuts and bolts the fact that it says does bruise ribs Yes, there may be probable cause there the problem difficulty knows that the rest of the complaint is suspect For example, it indicates witness. It was what there was witness to court. It was eyewitnesses were identified. That's not true Mr. Barron specifically disavowed he witnessed anything He specifically said he never told an officer that he say never told officer Sweden that he never told officer right that the fact is that it says that Detective Hatcher reviewed the medical records. That was another statement made to the magistrate There's a good inference that that's not true Now the district court here and it's the plaintiff's position district court weighed the evidence Because what ended up happens district court said well Detective Hatcher says he reviewed it and that he didn't lie well how is a plaintiff supposed to prove any sort of cause of action if The officer can just get up there and say I reviewed it and I didn't lie Well, the reason is you look into what did he do and what didn't he do? And then the court goes around that issue by saying the plaintiff engaged in speculation That's not true The fact of the matter is is that the medical records do not say Slufford it suffered a slight fracture Those words don't exist. They exist one time in one time only They exist in Meredith majors Statement to the police when are to the record to her provider which her provider then negated so the fact is is that if Detective Dan or detective Hatcher truly read the records as he indicated to the court he did Then why is he saying a statement that the court that the medical providers did not indicate? that has created difficulty for the defendants in this case because Specifically she's miss majors wrote to the provider and said you said this is a slight fracture Provider comes back and says no easy the the review of this said it was it was likely just gas So it's not so it's likely just to bruise red And you know, that's not unusual, right? You know the ordinary conversation that takes place all the times you go in I have a rib injury and as a person who suffered a few of them in my life I would say that you know, you can't tell what's going on until somebody does a rectory so you're gonna rule out the fracture rights that goes off and the x-ray comes back and There's no evidence of a crack that's visible and then they come back and they tell you that yeah, it's probably not broken It's just bruised and you know, it's always possible. There's some invisible hairline fracture in a bone It's just like, you know, you'll get over it a few weeks, you know and move on right and and yet You know through this whole conversation I think it's a bit harsh to say someone may lie because if you examine a medical record There is conversation. Somebody reports. There's a rib injury. They've also reported that they thought there was a fracture or bruised rib, you know And and and judge Erickson I agree with you. There is a lot to say somebody misrepresented it But that's an inference for what's happened because the medical record doesn't justify saying She was diagnosed with a slight slight fracture and bruised rib. See one thing that's happened Counsel this is this is just let me ask you a question Typically when we're looking at these concerns about affidavits, one of the ways we look at it is what? What would there be to support probable cause if you took out the disputed? Element so if you took out broken rib, it's undisputed that there was bruised rib Why would that not still Give the magistrate enough to make a decision As to whether there was probable cause well the magistrate may still decide at that decision One of the problems judge Smith is that that's not all the inappropriate statements in that complaint The fact is is that another potential inference of reading the evidence is that he did not review the medical evidence Even though he said he did he's stating the medical records different than what it says He's stating it the way miss majors reported it He's not saying it the way the records indicate so you take out witness statements You take out the fact that he reviewed the evidence You take out the fact that there is a there's a fracture and a bruised rib and you just go to bruised rib There might still be Probable cause in front of the magistrate. The problem is at that point in time There's been enough called a question of whether or not in the totality of the facts for all reasonable facts known to the officer was there probable cause and The difficulty we have is that the officer specifically was asked in deposition, what do you base your probable cause on and One of the major facts he based it on was that there was a witness to the incident that confirmed everything and that Is not true. And quite frankly the reason that the reason the officer said that is because he didn't do his own home He relied on game a telephone and then he ended up making this conclusion The fat and I understand why by saying just okay. Well, there was a bruised rib here Was that he's saying she stepped on that he stepped on her back well, the standard operating procedure of the officer also says that he must interview both principles and the defendants in this case say Oh, they don't that's just That that is just Not necessary in these cases with a standard operating procedure, which can be found on appendix 377 specifically says make a second contact with the principles involved in the case requiring follow-up Investigations or which has been closed That's what happened here all these other provisions don't apply and the idea that they might be optional This one says if an investigation has been closed, which happens here and was reopened. You're supposed to reinvestigate He didn't do that. He doesn't have that information To his in his knowledge that were available to him With that your honors. I'd like to reserve all my remaining time for rebuttal Thank you Mr. Richards May it please the court My name is Mike Richards, I represent the city of West Des Moines and detective Hatcher in this matter along with my partner Katie Grahl I'm gonna argue this differently than I had planned because you're obviously very well attuned to the facts in this case And I'm going to start at the Frank's violation We have an affidavit that was presented to the magistrate the magistrate found There was probable cause and issued the arrest warrant To get around the affidavit now to get around the arrest warrant that mr Majors was arrested pursuant to the court applies Frank and there's two questions a is there a material misrepresentation or a reckless Misrepresentation and B if you take that thing out Is there still probable cause and I think the court has already hit on on that in an opening argument that in this case The thing that's this disputed is the fact that there was a broken rib And while we believe the medical records that were provided to detective Hatcher gave him sufficient information to believe that and I'd say One of the records says sometimes it can be hard to tell if a rib is bruised or broken The symptoms may be the same and when when detective Hatcher was asked about that in his deposition. He said I'm not a doctor I thought I was saying the right thing But even still if you take out the broken rib you have a bruised rib and The district court judge correctly found that a bruised rib that is alleged to have been caused when an individual steps on their spouse's back is Spousal assault it's sufficient to at least have probable probable cause to assert a claim for Opposing counsel's argument where he's trying to draw all of these inferences about other things that should have happened or maybe you should question other parts of the Affidavit is the Frank rule specifically requires you to assume that the affidavit is accurate Unless there is evidence that shows that it's not and the only thing that we have that arguably is incorrect Is that there was a broken rib? Yeah, the only evidence in this case that something was was a mess really is the timing which the The appellant is is has been concerned about in the brief And it's sort of like the old story where you have a situation when you arrive there at the time in question And it's irresolvable so no one gets arrested everybody walks away you just separate the parties then further information is developed over time and You know the suspicion that I am sure that the appellant's got is this kind of age-old problem that Devin seems to get a lot better when one person doesn't give up and they keep calling and say I've got more evidence I've got more evidence. I've got more evidence and then ultimately It issues it being a warrant or a summons if it's a misdemeanor now All That may be true But the question is there any case in Frank's that says that that's something that any court can consider as they analyze the Search or the arrest warrant application not so far as I'm aware your honor and I believe the case loss in line with Frank says this court should give great deference to the magistrates issuance of the Warrant and unless and until something is proven to be either false or recklessly Untrue then or intentionally false or recklessly untrue then the warrant stands and the arrest is proper If the court wants information about the timing I could provide that as well But I don't think it's necessary in order in order to confirm that there was no Frank's violation The affidavit stands and the arrest was appropriate without some case that says that that sort of Consideration and timing consideration may in fact be considered by a court on appeal it seems to me It's a it leaves somebody with a bad taste in their mouth, but the opportunity to contest it is actually foreclosed And your honor I think the important thing too is with respect to a probable cause determination and arrest warrant It's not a criminal it's not a conviction of a crime and that's what the trials for so that that's why the standards are different between Probable cause to issue a warrant and and then allow someone to attack it at a later date in in the criminal trial as your honors well aware The last thing I'd say unless there are any other questions There were two other complaints or two other claims to this case There was a malicious prosecution claim and there was an unlawful unlawful seizure of person claim plaintiffs counsel confirmed to the district court that if there was probable cause for the false arrest and those claims fail to We haven't really addressed that very much and in claimants brief or the pounds brief didn't address it much But I would say your honors that if you agree that the warrant was good. The arrest was good There's no false arrest then claims two and three also fail So unless there are any other questions from the court. I'll see the rest of my time. Thank you Mr.. Stolte you have six seconds. I'll give you a minute in light of the fact that the government didn't take all their time Your honor in dressing some of my friend on the other side's arguments here I agree the courts aren't aren't is in tune to the facts But there's two facts that seem to get overlooked here a little bit one It's not just the slight rib and fracture that the the terms that get have been given by district court and by counsel in their Briefing of slight risk of a slight fracture or a bruised rib and or fracture and or doesn't exist Or got added after the fact when they realized they can't get keeps like fracture fitting for an employment case. That'd be a shifting explanation Here we're talking about a conjunction that was used not not some sort of other verbiage that was used the other one is is that There's been statements over and over again that there was a witness there was no witness the witness couldn't have been any clearer and so with that your honor we would ask that this be sent back and Sent back to the district court. Thank you. Thank you. The matter is submitted We appreciate your time and argument in the briefing in this case, and we'll decide it in due course Are there any other cases to be called this morning? the court will stand in recess until Eight nine o'clock tomorrow morning